## No. 2500.

## THE GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* D. D. DAWSON.

1. SHERIFF'S COSTS.—Construing article 2396 (Rev. Stats.), *held:* that a sheriff, charging for service of process, can only rightfully charge for the distance actually traveled in any case, but he is entitled to charge the amount specified in the statute for each writ, though he may serve a number in making one trip. When two or more persons are mentioned in the same writ, he can charge for but one mileage. The fact that the sheriff in executing process, may go in person a portion of the way towards the witness he is required to summon, and, before reaching him, may deliver the process to a deputy, by whom it is served and returned by mail will not affect the right of the sheriff to charge mileage for his return trip.

APPEAL from Brazos.    Tried below before the Hon. W. E. Collard.

*J. E. Butler, Ford & Doremus, R. S. Gould* and *A. C. Brietz,* for appellants, cited Revised Statutes, article 2396; Laws Sixteenth Legislature, regular session, chapter 46, subdivision 7.

*J. D. Thomas,* for appellee.

GAINES, ASSOCIATE JUSTICE.    This is an appeal by all parties from a judgment of the district court of Brazos county, on a motion filed in the case of Anderson McCray v. The Gulf, Colorado & Santa Fe Railway Company, to retax the costs of D. D. Dawson, sheriff of the county. Both the plaintiff and the defendant in the original suit joined in the motion. The findings of fact in the court below are not complained of, and show that the sheriff received the citation in the principal suit, together with seventeen other citations in other suits against the defendant corporation, at the same time; that it was necessary to go from Bryan, the county seat, to Allen Farm, a distance of twenty-five miles, to serve them; that Millican is in the direction of Allen Farm, twenty miles from Bryan; that the sheriff took all the citations at the same time to Millican, and turned them over to his deputy, who traveled to Allen Farm and served them, and returned to Millican and there mailed them to the county seat. At a subsequent time five subpœnas in this case, each for a different witness at Allen Farm, and also other subpœnas in the other cases against defendant were placed in the hands of the sheriff, and were served and returned in the same manner. It was contended below, and is now contended here, that the officer was entitled to make but one charge of five cents per mile for the distance actually traveled by himself and deputy in serving the citations, and that this should be apportioned among the eighteen different cases; and that he should be allowed mileage only for one subpœna, to be divided in like manner; and that no mileage should be allowed for returning from Millican to Bryan.

That part of article 2396 of the Revised Statutes which relates to this matter reads as follows: "For traveling in the service of any civil process, sheriffs and constables shall receive five cents for each mile going and coming; if two or more persons are mentioned in the writ he shall charge for the distance actually

and necessarily traveled in the service of the same." This language is plain and we do not think it difficult of construction. The sheriff can only rightfully charge for the distance actually and necesarily traveled in any case; but he is entitled to charge this for each writ, though he may serve more than one upon the same trip. This is shown by the latter clause of the provision, which applies to a case where "two or more persons are mentioned in the same writ." Then he can have but the one mileage, if all the persons be served at the same place. If after service upon one it be necessary to serve the additional parties or witnesses, he is to be allowed for the travel necessary for the first service and such other additional travel as is required in order to execute his process, and for no more. This is the only restriction. If any other had been intended, no reason is seen why that intention was not clearly expressed. By the application of a familiar maxim, the mention of one limitation upon the officer's right to mileage, should be deemed the exclusion of any other. The application of the construction contended for by the plaintiffs in the motion would be inconvenient and impracticable, and would in some instances operate greatly to the prejudice of the officer. For example, let us take the case before us. The sheriff, according to this construction, would be entitled to tax but one-eighteenth of the mileage in this case. Yet, what assurance has he that he will be enabled to collect the remainder in the other cases? These considerations should not deter us from applying the rule, if the language of the statute showed that such was its meaning. But such is not its meaning; and in the impracticability and injustice of the construction contended for, we see a sufficient reason why the Legislature did not so make the law.

Two or more subpœnas in the same case might well have been put upon the same footing, as one subpœna for two or more witnesses; and further legislation in this direction may be advisable. But in the present state of the law, we are of opinion, that even in case of different subpœnas for more than one witness, the sheriff is entitled to his mileage in serving each. The court below ruled in accordance with the views we have here expressed; but held that the sheriff should not be allowed his mileage for the return from Millican to Bryan. Upon this latter point we are constrained to differ from the learned judge who tried the case below. The sheriff by going to Millican and placing the writs in the hands of his deputy secured their

service. He was compelled to return to his office at the county seat. This was necessary travel incident to the service of the process; and it is a matter of no moment so far as regards this question, that instead of waiting at Millican to receive the process from the hands of his deputy, and returning them in person, he left them to be returned by mail. The fact is that they were duly served and returned, and the service for which he made the charge was fully performed.

The judgment will accordingly be reversed and here rendered overruling the motion to retax and allowing the sheriff for serving the process thirty-two dollars and ninety-five cents, as originally charged by him. He will also be adjudged to recover his costs accruing by reason of the motion both in this court and the court below.

*Reformed and rendered.*

Opinion delivered January 24, 1888.