## BIGHAM, Sheriff, v. STATE.*
.(No. 6948.)

(Court of Civil Appeals of Texas. Austin.
June 10, 1925. Rehearing Denied
July 6, 1925.)

**1. Appeal and error ⬥85—Order disapproving sheriff's claim for mileage appealable.**

Order disapproving portion of sums claimed by sheriff as mileage account, entered in statutory proceeding, and brought in statutory manner, where court has jurisdiction of only party necessary to proceeding, is appealable.

**2. Sheriffs and constables ⬥28—Sheriff entitled to such fees as statutes authorize.**

A sheriff is entitled to such fees as statutes authorize, and whether they seem large or small, wise or unwise, is immaterial in construing statutes authorizing them.

**3. Sheriffs and constables ⬥61—Sheriff entitled to mileage fee for each subpœna or writ issued.**

Under Code Cr. Proc. 1911, art. 1122, subd. 6, as amended by Acts 38th Leg. (1923) c. 181, sheriff is entitled to mileage fees for each subpœna or writ served, irrespective of how many subpœnas in different cases are served on a single witness at same time, but only one charge may be made for serving each writ, no matter how many witnesses are served thereby, in view of Rev. St. 1879, art. 1054, amended by Acts 17th Leg. (1881) c. 47, and by interpretation put upon article 2396, providing for fees in civil cases.

**4. Sheriffs and constables ⬥61—Sheriff entitled to fees for mileage for executing each arrest warrant or capias.**

Under Code Cr. Proc. 1911, art. 1122, subd. 1, as amended by Acts 38th Leg. (1923), c. 181, sheriff is entitled to mileage fees for execution of each arrest warrant or capias, even though a number of them may be served on single person at one time, in view of article 1132, subds. 8 and 9, notwithstanding subd. 7, and in accordance with analogous interpretation of Rev. St. 1879, art. 2396.

**5. Sheriffs and constables ⬥61—Sheriff entitled only to actual mileage for bringing in prisoner no matter how many capiases were served on him.**

Under Code Cr. Proc. 1911, art. 1122, subd. 5, sheriff is entitled only to actual mileage for each prisoner brought in, irrespective of number of cases against that prisoner in each of which sheriff may have served capias; prisoner being unit for purpose of computing compensation.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Application by John R. Bigham, Sheriff, for approval of account. From an order approving part and disapproving an additional sum, Sheriff appeals. Reversed and remanded, with instructions.

W. W. Hair, Walker Saulsbury, and Winbourn Pearce, all of Temple, for appellant.

Dan Moody, Atty. Gen., and L. C. Sutton and Weaver Moore, Asst. Attys. Gen., for the State.

BLAIR, J. John R. Bigham, the regularly elected, qualified, and acting sheriff of Bell county, Tex., filed in the district court of that county, in the manner and form required by statute, his account for fees of office accruing during the January term, A. D. 1925, of said court. The application for approval of the account was heard by the judge of the court in term time, as required by law, and upon an agreed statement of facts signed by the sheriff's attorneys on the one hand and by the district attorney on the other hand, representing the state of Texas. The agreed facts are in substance:

At the term in question Harve Ennis, Steve Lewis, and Cecil Henderson were each indicted for burglary in 13 cases, and Rosie Lee Shea was indicted in 6 cases for forgery. Capiases or arrest warrants were regularly issued and served on each defendant in each case by the appellant sheriff. Ennis and Lewis were arrested in Dallas, Dallas county, Tex., at the same time and place, when the sheriff served 13 arrest warrants against each of them, and on the same trip returned the two to the jail in Belton, Tex., traveling a distance of 146 miles going and returning with his two prisoners, or a total of 292 miles in making the arrests. The sheriff's account charges mileage for 292 miles in each of the 13 cases against these two defendants, or mileage in going to and returning from Dallas in 26 cases, though he made only the one trip. Cecil Henderson was arrested in Brownwood, Brown county, Tex., and returned by the appellant sheriff to the jail in Belton, Tex., traveling a distance of 140 miles going and returning, or a total of 280 miles. The sheriff served each of the 13 arrest warrants on him at Brownwood on the same trip, and charged mileage for 280

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted November 18, 1925.

miles in each case. The sheriff served the 6 warrants of arrest on Rosie Lee Shea at the same time and place in Bell county, and returned her to the jail in Belton, traveling a distance of 10 miles going and returning in making the arrest, or a total of 20 miles. His account in question charged mileage for 20 miles in each of the 6 cases against this defendant. The judge hearing the case allowed mileage in only 1 case against each of the four named defendants, and disapproved and refused to allow mileage in all the remaining cases against each of these defendants.

Previous to the day set for trial of these defendants in each of the cases against them there were regularly issued in each of the 13 cases against Harve Ennis seven subpœnas for 40 witnesses; in each of the 13 cases against Steve Lewis there were issued six subpœnas for 43 witnesses; and two subpœnas were issued in each of the 13 cases against Cecil Henderson for 30 witnesses, and four writs or subpœnas were issued in each of the 6 cases against Rosie Lee Shea for 31 witnesses. The names of the witnesses were the same in each respective group of cases against each defendant, and were served by the sheriff upon the same trip and at the same time and place. In his account the sheriff charged mileage for serving these subpœnas in each case against each defendant, although the subpœnas were served at the same time and place in each respective group of cases against each defendant as above stated. The judge allowed mileage for this service in only one case against each defendant, and disapproved and refused to allow mileage in all the remaining cases against each of these defendants for such service.

This action of the judge resulted in approving and allowing the sheriff's account for his services in these four cases for the sum of $1,214.10, and disapproving or refusing to allow an additional sum claimed of $3,840.18 for services in these cases. The appeal is from the judgment disapproving and refusing to allow the sum last named, or for the mileage in the two particulars above set forth.

[1] The Attorney General moves to dismiss the appeal, contending that this proceeding is not a case in the sense that it may be appealed from, and that the state was in no way made a party by citation or otherwise. The motion is overruled. This is a statutory proceeding brought under the statute and in the statutory manner for approving the account of a sheriff for services rendered in criminal cases. The only party required by the statute in such proceeding is before a court having jurisdiction to hear and determine the particular matter involved. The proceeding was before the district judge sitting in term time, as required by law, and

charged with the specific duty of hearing and determining the questions presented in this appeal. The state of Texas was represented in the proceeding by its district attorney.

Article 1589, R. S. 1911, reads:

"The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limit of their respective district.

"1. Of which the district courts have original or appellate jurisdiction."

The question here raised was determined by Judge Brown in the case of Rochelle v. Lane, Comptroller, 105 Tex. 350, 148 S. W. 558, from which opinion we quote as follows:

"The officer was required to make a full statement of the facts which authorized the approval. The report was equal in its statement of facts to the allegations of a petition in a regular action, and sought a judgment against the state upon the facts and the law. The duty of the judge was to inquire into the correctness of each item of the claim; also, to inquire into the truth of the statements made by the sheriff, and to approve or disapprove the bill in whole or in part. The evidence was submitted which the judge weighed, thus passing upon the justness and legality of the claim, and the conclusions of the judge were entered upon the minutes of his court. It was a judgment. The examination of these accounts was performed by a court of competent jurisdiction at a regular session and in a proceeding prescribed by statute, upon evidence furnished by the sheriff, and a decision made upon the issues raised; a judgment was regularly entered upon the minutes during a regular term of the court. The facts fulfill the most rigid definition of a judicial act."

It was further held in that case:

"The examination of these accounts was performed by a court of competent jurisdiction."

It was further held:

"The comptroller is an executive officer and cannot exercise judicial power. The judgment, being a judicial act, cannot be reviewed by an executive officer."

Since the report or application for approval of the account in question is "equal in its statements of facts to the allegations of a petition in a regular action," and sought a judgment * * * upon the facts and law," it is a civil case over which the district court had jurisdiction, and the judgment here rendered is a final appealable judgment, as contemplated by the statute, supra.

Two questions are presented by this appeal: First, where two or more subpœnas are issued for a witness in two or more cases against the same defendant, and served by the sheriff at the same time and place, is the sheriff serving them entitled to the usual mileage in each case? Second, where two or more defendants, not jointly indict-

ed, are arrested in two or more cases at the same time and place, and are returned to place of indictment on the same trip, or where one defendant is arrested in two or more separate cases at the same time and place, is the sheriff making such arrests and returning the prisoner or prisoners entitled to the usual mileage in each case in going to and returning from the place of arrest?

The appellant's brief consists of a quotation from the case of Ry. Co. v. Dawson, 69 Tex. 525, 7 S. W. 63, and an opinion by the Attorney General's department prepared January 20, 1920, but not officially published. This opinion answers both the above questions in the affirmative. The Attorney General's brief is an opinion of his department, dated February 17, 1925, in which it is held that the account in suit is not collectable by the appellant sheriff, or in which both the above questions are answered in the negative. These opinions have materially aided us in arriving at the conclusion that the first question should be answered in the affirmative; and the second should be answered partly in the negative and partly in the affirmative, that is, the sheriff is entitled to some of the mileage involved in the second question disapproved by the trial judge.

[2] A sheriff is entitled to such fees as the statutes authorize, and for that reason the fact that the fees allowed may seem large in some instances or small in other instances cannot enter into a decision construing the statutes authorizing them. The Legislature has enacted the fee bill, and has fixed a maximum sum which a sheriff is entitled to receive in fees for any year, requiring that any excess be paid into the county treasury. The Legislature has also enacted laws regulating and limiting the fees of officers from time to time. The wisdom or unwisdom of these acts is not a matter for the courts to determine.

[3] A brief review of the history of the legislation concerning the first question as to a sheriff's right to mileage in executing criminal process may be helpful. Originally article 1054 of the Code of Criminal Procedure of 1879 defined the fees of a sheriff for serving criminal process in felony cases. It made no provision for mileage. In 1881 it was amended to read:

"For each mile he may be compelled to travel in executing criminal process, summoning or attaching witnesses, five cents. For traveling in the service of process, not otherwise provided for, the sum of five cents for each mile going and returning. If two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of the same." Acts 17th Leg. (1881) c. 47.

This particular provision was again amended in 1889 to read:

"For each mile [he] may be compelled to travel in executing criminal process, summoning or attaching witnesses, five cents: provided, that in no case shall he be allowed to duplicate his mileage when two or more witnesses are named in the same or different writs in any case, and he shall serve process on them in the same vicinity or neighborhood, or during the same trip he shall not charge mileage for serving each witness to and from the county seat, but shall only charge one mileage and for such additional miles only as are actually and necessarily traveled in summoning or attaching each additional witness. Where process is sent by mail to an officer away from the county seat, or returned by mail by such officer, he shall only be allowed to charge mileage for the miles actually traveled by him in executing such process, and the return of the officer shall show the character of the service and the miles actually traveled in accordance with this subdivision, and his accounts shall show the facts in detail." Acts 21th Leg. (1889) c. 44.

This same provision was brought forward in the 1911 codification of the Code of Criminal Procedure as subdivision 6 of article 1122, and is now subdivision 6 of article 1122 of the Code of Criminal Procedure as amended in 1923 by chapter 181 of the General Laws of the Regular Session of the Thirty-Eighth Legislature.

A sheriff's fees in civil cases were governed originally by article 2396, R. S. of 1879, which read:

"For traveling in the service of any civil process, sheriffs and constables shall receive five cents for each mile going and coming; if two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of the same."

On January 12, 1888, the Supreme Court construed this article in the case of Ry. Co. v. Dawson, 69 Tex. 521, 7 S. W. 63. It was held in that case that, where two or more witnesses were subpœnaed in the same case under separate subpœnas, the sheriff was entitled to mileage for serving each witness, but that only one mileage could be charged if all the witnesses were named in the same writ, as that was the only limitation of the statute, stating:

"Two or more subpœnas in the same case might well have been put upon the same footing, as one subpœna for two or more witnesses; and further legislation in this direction may be advisable."

After this opinion in 1888, the Legislature convened in 1889, and amended the Code of Criminal Procedure in regard to duplicate mileage when two or more persons are named in the same writ or separate writs in the same case, as above quoted. It will be noted that the provisions of the criminal procedure statutes and the civil statutes as to mileage for subpœnaing witnesses are substantially alike, if not identical, except as to the matters pointed out by the court in

the above case. This being true, the rule announced in Ry. Co. v. Dawson is applicable here. We think subdivision 6 of article 1122, Code of Criminal Procedure, as amended in 1923, is plain in this particular, and simply means that in any one case where two or more witnesses are named in the same or separate subpoenas or writs, and are served at the same time and place, the sheriff shall not charge mileage on each subpoena so served, but shall charge only one mileage from the county seat to the first witness served, and for such additional mileage as is traveled in summoning or attaching the other witnesses named in any writ or writs he may have in that particular case. In other words, the first witness served shall constitute the unit upon which the mileage is to be computed, with allowance of such additional mileage as is necessarily traveled from where the unit witness is served in subpoenaing the other named witnesses. This is the only limitation of the statute. It is clear the Legislature meant that this limitation should only apply to the one case in which the two or more subpoenas or writs issued, and not to other and separate cases, although they might be against the same defendant and for the same witnesses. In other words, the Legislature did not intend by this amendment that one case should help bear the expense of another because the sheriff happened to be serving process in two or more cases at the same time; but it was intended that each case should bear its own expense, and the compensation or fees due the sheriff for his services therein should be paid without reference to any other case that he might be serving process in at the same time and place, even though the process in each case be for the same witnesses.

[4] An answer to the second question relating to the mileage to which the sheriff is entitled for executing an arrest warrant or capias and conveying prisoners is controlled by subdivisions 1 and 5 of article 1122 of the Code of Criminal Procedure, as amended in 1923, which read:

"Article 1122. *Fees to Sheriff or Constable:* The sheriffs and constables of this state shall receive the following fees:

"1. For executing each warrant of arrest or capias, for making arrest without warrant when so authorized by law, the sum of one dollar, and in all cases five cents per mile for each mile actually and necessarily traveled in going to the place of arrest; and, for conveying the prisoner or prisoners to jail, he shall receive the mileage provided in subdivision five of this act. * * *

"5. For removing or conveying prisoners, for each mile going and coming, including guards and all other necessary expenses, when traveling by railroad, ten cents. When traveling otherwise than by railroad, fourteen cents; provided that where more than one prisoner is so conveyed or removed at the same time, in addition to the foregoing, he shall only be allowed eight cents per mile for each additional prisoner; provided that when an officer goes beyond the limits of this state after a fugitive on requisition of the Governor, he shall receive such compensation only as the Governor shall allow for such service."

Two separate items of mileage are contemplated by this legislation; mileage for executing an arrest warrant or capias "in all cases" 5 cents per mile for each mile actually and necessarily traveled in going to the place of arrest; and mileage "for conveying the prisoner or prisoners to jail * * * when traveling by railroad, ten cents. * * * Provided that where more than one prisoner is so conveyed or removed at the same time, in addition to the foregoing, he shall only be allowed eight cents per mile for each additional prisoner." As to the first item, mileage of 5 cents for each mile "in all cases" actually and necessarily traveled in going to the place of arrest, the statute is as plain and definite as language can make it that the sheriff is entitled to such mileage for service in executing each arrest warrant or capias "in all cases," without regard to whether two or more of them are issued out of two or more cases against the same defendant, and served at the same time and place. Similar language to this was construed by the Supreme Court in Ry. Co. v. Dawson, supra, relating to a sheriff's fees in executing civil process. The article there construed was article 2396, R. S. 1879 and the portions material read:

For "each original citation in a civil suit $1.50. * * * For traveling in the service of any civil process, sheriffs and constables shall receive five cents for each mile going and coming; if two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of the same."

In that case the Supreme Court construed this language to authorize a sheriff to recover mileage for serving citations in 18 separate cases against the same defendant, though all were served at the same time and place and on the same trip. The language used in the statute in question as to the particular mileage allowed a sheriff "in going to the place of arrest" is even plainer than that used in the civil statutes, in that it specifically authorizes the mileage "in all cases." There is no limitation as to the number of cases against any one defendant in which the mileage may or may not be charged, but the mileage is allowed "in all cases" where the sheriff executes an arrest warrant or capias.

[5] The statutes do not authorize a sheriff to charge more than one mileage for conveying a prisoner after arrest, although he may be arrested in 2 or more separate cases at the same time and place, and, where he arrests two or more prisoners at the same

time and place in 1 or more cases against each prisoner, he is entitled to one mileage of 10 cents on one of the prisoners conveyed at the same time and 8 cents for each additional prisoner or prisoners. Subdivision 5 of article 1122, which deals with the second item of mileage authorized by that act, says the sheriff shall receive "for conveying the prisoner or prisoners to jail, * * * when traveling by railroad, ten cents. * * * Provided, that where more than one prisoner is so conveyed or removed at the same time * * * he shall ony be allowed eight cents per mile for each additional prisoner." The prisoner is the unit here provided for the computation of the amount of mileage due, and not the number of cases in which the defendant may be arrested. It is evident from the language used that the Legislature intended to allow one mileage of 10 cents for conveying a prisoner to jail from the place of arrest, when traveling by railroad, without reference to the number of cases he may be arrested in, for it is further provided that 8 cents per mile will be allowed for each additional prisoner. To construe the language used as authorizing mileage for conveying the prisoner in all the cases in which he may be indicted would be unreasonable, since no reference is made as to the amount of mileage to be charged in each case, whereas it is limited for each additional prisoner or prisoners to 8 cents per mile. The Legislature intended to allow by this act mileage of 10 cents only for conveying a prisoner after arrest. without regard to the number of cases against him, and to further compensate the sheriff for the addi tional burden and care of more than one prisoner to the extent of 8 cents per mile, using one of the prisoners as a unit for the purpose of computing the compensation.

The Attorney General insists that, in construing article 1122 of the Code of Criminal Procedure, we should construe it in connection with article 1132 of the same Code, which reads as follows:

"Article 1132. *Officer Shall Make out Cost Bill, and What it Shall Show.*—Before the close of each term of the district court, the district or county attorney, sheriff and clerk of said court shall each make out a bill or account of the costs claimed to be due them by the state, respectively, in the felony cases tried at that term; the bill or account shall show—

"1. The style and number of cases in which the costs are claimed to have accrued.

"2. The offense charged against the defendant.

"3. The term of the court at which the case was disposed of.

"4. The disposition of the case, and that the case was finally disposed of, and no appeal taken.

"5. The name and number of defendants; and, if more than one, whether they were tried jointly or separately.

"6. Where each defendant was arrested or witness served, stating the county in which the service was made, giving distance and direction from county seat of county in which the process is served; and mileage shall be charged for distance by the most direct and practicable route from the court whence such process issued to the place of service.

"7. In allowing mileage, the judge shall ascertain whether the process was served on one or more of the parties named therein on the same tour, and shall allow mileage, only for the number of miles actually traveled, and then only for the journey made at the time the service was perfected.

"8. The court shall inquire whether there have been several prosecutions for an offense or transactions that is but one offense in law; and, if there is more than one prosecution for the same transaction, or a portion thereof, that could have been combined in one indictment against the same defendant, the judge shall allow fees to sheriffs, clerks and district and county attorneys in but one prosecution.

"9. Where the defendants in a case have served on the trial, the judge shall not allow the charges for service of process and mileage to be duplicated in each case as tried; but only such additional fees shall be allowed as are caused by the severance."

It is particularly insisted that, under the provisions of subdivision 7 of this article, the sheriff is limited to mileage actually traveled, and then only once for such mileage. We do not so construe the statute, for the subdivision quoted merely places the burden upon the district judge of ascertaining whether the process has been served on one or more of the parties named on the same tour, and such inquiry is for the sole purpose of enforcing as written subdivision 6 of article 1122, supra, as to mileage for serving subpœnas, and subdivisions 1 and 5 of the same article as to serving arrest warrants or capiases and mileage for conveying the prisoner or prisoners.

That subdivision 7, supra, was not intended to have the meaning insisted upon by the Attorney General is made clear by the two succeeding subdivisions 8 and 9 of the same article. What would be the necessity of the court inquiring whether there had been several prosecutions for one offense or transaction that could have been combined in one indictment if sheriff, clerk, district and county attorneys were entitled to fees and mileage in only one case, where a defendant has been indicted for several separate and distinct offenses? This is the inquiry required to be made in subdivision 8, supra. To the same effect is subdivision 9, which provides that process and mileage shall not be duplicated in cases of severance, but only such additional fees shall be allowed as are caused by the severance. What purpose can this provision serve, unless the Legislature recognizes the right of a sheriff to charge for service of process and mileage in each case against each defendant where not jointly indicted, although they are indicted for the same offense.

We reverse and remand the cause, with instructions to allow the items of the account to which the sheriff is entitled under this opinion.

Reversed and remanded, with instructions.