

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M.D. Emerson
County Attorney
Lamar County
Paris, Texas

Dear Sir:

Opinion No. 0-2908
Re: Fees of office - Sheriffs -
Articles 3806 and 3933, V.A.T.C.S.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I wish to request an official opinion from
your office in regard to the matter of fees which
should be properly charged by a sheriff for post-
ing notices in a sale of real estate. Since our
sheriff is on a salary basis and the money goes to
the County, I believe that it is proper under the
circumstances to request such opinion.

"The question arises from this situation.
In a civil suit, foreclosure was had upon a tract
of real estate in Lamar County and order of sale
issued. The plaintiff's attorneys sent same to
the Sheriff of Lamar County with the request that
he execute same, also that he advertise same by
newspaper according to law and make his return.
In this connection, plaintiff's attorneys also
requested the sheriff to mail out four notices to
specified parties - this in addition to the publi-
cation by newspaper. The sheriff did both, as
directed.

"In charging fees for this service, the
sheriff charged $1.00 for the newspaper publica-
tion and return, and also charged $1.00 for each
of the notices sent out by him.

"Attorneys for plaintiff contend that the
sheriff is not entitled to the $1.00 fee for the

Honorable M.D. Emerson, Page 2

notices sent out by him in addition the newspaper
advertising. In support of their contention, they
cite the case of City of San Antonio, vs. Campbell,
56 S.W. 130. They further contend that Article
3808 deals with the required advertising of real
property for sale under an order of sale, and that
since all requirements are set out in said article,
each of the required acts are a part of the adver-
tising, and covered by the $1.00 charged for
'advertising.' They also cite article 3933, and
contend that because the sheriff would have to
post three notices if he did not publish by news-
paper for which he would be entitled to only $1.00
for advertising, that by the same token he is re-
quired to send out the four additional notices and
receive no extra compensation, even though he does
this in addition to publishing the notice in a
newspaper and making his return for so doing.

"The Sheriff disagrees with these contentions,
and asks an opinion in regard to the matter. The
sheriff contends that the fee of $1.00 for adver-
tising covers the newspaper advertising and return,
which he has properly attended to. He further con-
tends that, Under Article 3933, as amended in 1937,
he is entitled to $1.00 fee for sending or posting each
of the notices he was required by law to either post
or mail. He feels that our Legislature never intend-
ed to require a sheriff of any county in Texas to
perform services for parties to a civil suit - said
parties not being The State of Texas nor any of its
political sub-divisions - for which he would not be
properly compensated. He therefore feels that when
the Legislature amended Article 3933 and continued
to include in said article the following: 'Posting
any other notices required by law and not otherwise
provided for....$1.00', that it was the intention of
the Legislature that officers would be compensated
for posting or mailing the notices in question accord-
ingly, and that he is justified in charging $1.00 for
each of said notices. (These notices may be either
posted or mailed, under the law, but he is required to
do one or the other.) The sheriff further contends
that, while this article stipulates $1.00 for posting
the advertisements of sale, using the word 'advertise-
ments' in the plural, this refers only to posting the

Honorable M.D. Emerson, Page 3

notices in the event that publication by newspaper is not made.

"With the exception of the case above referred to, City of San Antonio vs. Campbell, 56 S.W. 130, which is a very old case, the article in question having been amended without change in spite of said case, we find no authorities on this question. It occurs to us that the position of the sheriff is well taken with reference to the intent of the Legislature that no officer would do work in a civil suit for parties other than the State and its subdivisions. But it appears to us that the question is based entirely upon construction of the article of the statute fixing the fees, that is Art. 3933. It occurs to us that the provision above set out, 'Posting any other notices required by law and not otherwise provided for....$1.00', might be construed to mean either that the sheriff would receive only $1.00 for all such notices posted, or that the sheriff would receive $1.00 for each such notice posted. In cases where the number of notices would be large, this would hardly seem proper, however. In some cases of record, such notices have been known to number more than a hundred, in which event stationery and stamps would not be paid for, or begin to be, from the $1.00 fee, if these notices were mailed. If posted notices refers to notices mailed - i.e. posted by mail, it would appear that this article applies.

"All this resolves itself into the following questions, which we would appreciate your answering:

"In a civil suit, involving no subdivision of the State, where the Sheriff has advertised the order of sale by newspaper and made proper return, is the Sheriff entitled to compensation for mailing out notices to parties as required by law, under Article 3808, R.C.S. in addition to the $1.00 allowed for advertising under the provisions of Art. 3933 R.C.S.? If so, is he allowed only $1.00 for mailing out all such notices required, or is he entitled to $1.00 for each notice so posted by mail?"

Honorable M.D. Emerson, Page 4

Article 3808, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The time and place of sale of real estate under execution, order of sale, or venditioni exponas, shall be advertised by the officer by having the notice thereof published in the English language once a week for three consecutive weeks preceding such sale, in some newspaper published in said county. The first of said publications shall appear not less than twenty days immediately preceding the day of sale. Said notice shall contain a statement of the authority by virtue of which the sale is to be made, the time of levy, and the time and place of sale; it shall also contain a brief description of the property to be sold, and shall give the number of acres, original survey, locality in the county, and the name by which the land is most generally known, but it shall not be necessary for it to contain field notes. Publishers of newspapers shall receive for publishing said sales fifty cents per square for the first insertion and thirty cents per square for subsequent insertions, to be taxed and paid as other costs; for such publication, ten lines shall constitute a square, and the body of no such advertisement shall be printed in larger type than brevier. No fee for advertising any property in a newspaper under the provisions of this article shall exceed the sum of five dollars. If there be no newspaper published in the county, or none which will publish the notice of sale for the compensation herein fixed, the officer shall then post such notice in writing in three public places in the county, one of which shall be at the courthouse door of such county, for at least twenty days successively next before the day of sale. The officer making the levy shall give the defendant or his attorney written notice of such sale, either in person or by mail, which notice shall substantially conform to the foregoing requirements." (Underscoring ours)

Honorable M.D. Emerson, Page 5

Article 3933, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Sheriffs and constables shall receive the following fees:

".....

"Levying each execution..................$1.00
"Return of execution....................$1.00

".....

"Posting the advertisements for sale under the execution or any order of sale...$1.00

"Posting any other notices required by law and not otherwise provided for......$1.00

".....

"Collecting money on an execution or an order of sale, when the same is made by a sale, for the first One Hundred Dollars ($100) or less, four (4) per cent; for the second One Hundred Dollars ($100), three (3) per cent; for all sums over Two Hundred Dollars ($200) and not exceeding One Thousand Dollars ($1000), two (2) per cent; for all sums over One Thousand Dollars ($1000) and not exceeding Five Thousand Dollars ($5000), one (1) per cent; for all sums over Five Thousand Dollars ($5000), one-half of one per cent.

".........."
(Underscoring ours)

Article 3812, provides for "the posting up" of notices at the courthouse door and other public places, etc.

The case of Howard vs. Fulton, 14 SW 1061, holds that certain notices were posted in accordance with law. We quote from said case as follows:

"The agreed statement upon which the case was submitted in this court shows that the trustee

Honorable M.D. Emerson, Page 6

gave notice of the time, terms, and place of
sale, and of the property to be sold as fol-
lows: By posting two printed copies of such
notice on the boards in the corridor of the
court-house in the city of Austin, county of
Travis, and State of Texas, said printed no-
tice being about 10 inches in length, and 2
inches in breadth, the sale being made at the
vest front door of said court-house, where all
public sales in the county of Travis are usu-
ally made, and the boards on which the notices
were posted were in the corridor of the build-
ing, about 40 feet from the front door, and
in open view from the door and just at the
side of the stairway leading to the court-rooms
in the second story. The boards on which those
notices were placed were provided by the county
of Travis for the posting of notices of sher-
iffs' sales, tax-sales, all notices in pro-
bate matters, and all public notices required
by law to be posted at the court-house door,
and such boards had been provided and used for
such purposes, standing in the same place for
many years, and notices of trustees' sales had
always customarily been posted on these boards.
Notices of this character were never permitted
to be posted on the door or walls of the house,
but on the boards furnished and used for such
purposes. These notices were posted, as stat-
ed, on December 21, 1887, more than 30 days be-
fore the day of sale........In providing for
the posting at the court-house door in the deed
of trust under consideration, the parties
doubtless intended that the notice should be
stuck up at the place for posting legal notices
in the city of Austin, such being the place
where a poster would most likely be seen by
persons desirous of purchasing land at public
sale. We concur in the conclusion of the
learned judge who tried the case below that
the notices of the sale were given in accor-
dance with the terms of the deed of trust,
and that it is unnecessary to pass upon any
other question in the case. The judgment is
accordingly affirmed."

We quote from the case of Nelson vs. State, 75 SW 502, as follows:

"By 'posting as required by law' is meant that the notices must be actually posted the requisite number of days before the election is held. The fact that the notices may have been subsequently torn or blown down would not affect the validity of the election. Where the statute requires the notices to be posted 12 days before the election, if the proof conclusively shows that said posting did occur, then the court, as indicated in the original opinion, is authorized to tell the jury, as a question of law, that the local option law is valid."

We quote from the case of City of San Antonio vs. Campbell, 56 SW 130 (cited by you in your brief) as follows:

"The fourth assignment complains of the judgment in allowing the sum claimed as costs ($4.50) for notices of the sheriff's sale, because there was no evidence to support such charge. The officer testified, 'I also charged in the sheriff's costs, $4.50 for notices.' Plaintiff introduced as evidence the return of the sheriff, from which it appears that he served three copies of notices of sale on parties, and the same number on their respective attorneys, making six in all. His testimony shows that this charge was independent of the ordinary posting of the advertisement. We are unable to find any provision allowing the sheriff compensation for the notices required to be given the parties and their attorneys in such cases, and therefore this item was improperly charged."

We quote from the case of Bigham vs. State, 275 SW 149, as follows:

"A sheriff is entitled to such fees as the statutes authorize, and for that reason the fact that the fees allowed may seem large in some instances or small in other instances

cannot enter into a decision construing the statutes authorizing them. The Legislature has enacted the fee bill, and has fixed a maximum sum which a sheriff is entitled to receive in fees, requiring that the excess be paid into the county treasury. The Legislature has also enacted laws regulating and limiting the fees of officers from time to time. The wisdom or unwisdom of these acts is not a matter for the courts to determine." (This case was reversed on other grounds in 280 SW 1062.)

Opinion No. 0-511 of this department holds that a sheriff is entitled to a fee of only $1.00 for posting the notices of sale involved in said fact situation and was not entitled to any fees for mailing notices of sale. We enclose herewith a copy of said opinion for your convenience.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the sheriff would not be entitled to charge any fees whatever for mailing out the four notices described in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVED DEC 16, 1940

ATTORNEY GENERAL OF TEXAS

