

# THE ATTORNEY GENERAL.
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~WILLXXXXXXSON~~
**ATTORNEY GENERAL**

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. 0-3062
Re: Where two or more subpoenas are
issued for witnesses in two or
more misdemeanor cases against
the same defendant, and served by
the sheriff or constable at the
same time and place, is the sher-
iff or constable serving same en-
titled to the usual mileage of
$7\frac{1}{2}\cancel{c}$ in each case, and related
questions?

Your recent request for an opinion of this depart-
ment upon the questions as are herein stated, has been receiv-
ed.

We quote from your letter as follows:

"I would appreciate your opinion on the
following questions at the earliest possible date:

"1. Where two or more subpoenas are issued
for witnesses in two or more misdemeanor cases
against the same defendant, and served by the sher-
iff or constable at the same time and place, is the
sheriff or constable serving same entitled to the
usual mileage of 7 1/2¢ in each case?

"2. Where two or more defendants, not
jointly indicted, are arrested in two or more mis-
demeanor cases at the same time and place, and are
placed in jail on the same trip, is the sheriff or
constable making such arrest and returning the
prisoners, entitled to the usual mileage of 7 1/2¢
in each case in going to and returning to place of
arrest?

"3. Where A, B, and C are each arrested in
two or more misdemeanor cases at the same time and

place and A immediately makes bond and is
released, but B and C do not, and the sher-
iff or constable therefore returned with A's
bond and B and C as prisoners to the jail of
the County from which process issued.  To
what mileage fee is the sheriff or constable
entitled in such a fact situation?  Would the
mileage fees be different in such a fact situ-
ation where all of the defendants were arrested
in a County other than that from which the com-
plaints issued?

"4.  Where one defendant is arrested in
two or more separate cases at the same time and
place, is the sheriff or constable making such
arrest and returning the prisoner entitled to
the usual mileage of 7 1/2¢ in each case in
going to and returning from the place of arrest?
Would the mileage fee be different if such de-
fendant were arrested in a County other than
that of the complaint issued?

"I have checked into these questions and
I find that Art. 1065, C.C.P. provides as fol-
lows:

"'The following fees shall be allowed the
sheriff or other peace officer performing the
same service in misdemeanor cases, to be taxed
against the defendant on conviction:

"'* * * *.

"'4.  For taking and approving each bond,
and returning the same to the courthouse when
necessary $1.50.

"'* * * *.

"'10.  For conveying a prisoner arrested
on a warrant or capias issued from another County
to the Court or jail of the county from which
the process was issued, for each mile traveled go-
ing and coming, by the nearest practicable route,
twelve and one-half cents.

"'11.  For each mile he may be compelled
for executing criminal process and summoning
or attaching witnesses, seven and one-half cents.
For traveling in the service of process not other-

wise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same. '

"Seemingly the only cases that bear on the above situations are Bigham vs. State, 275 S.W. 147 and Railway Co. vs. Dawson, 7 S.W. 63. In the first case above mentioned the Court had this to say:

"'In other words, the first witness served shall constitute the unit upon which the mileage is to be computed, with allowance of such additional mileage as is necessarily traveled from where the unit witness is served in subpoenaing the other named witnesses. This is the only limitation of the statute. It is clear the Legislature meant that this limitation should only apply <u>to the one case</u> in which the two or more subpoenas or writs issued, <u>and not to other and separate cases</u>, although they might be against the same defendant and for the same witnesses. In other words, the Legislature did not intend by this amendment that one case should help bear the expense of another because the sheriff happened to be serving process in two or more cases at the same time; but it was intended that each case should bear its own expense, and the compensation or fees due the sheriff for his services therein should be paid without reference to any other case that he might be serving process in at the same time and place, even though the process in each case be for the same witnesses.'

"This case construes an old fee statute, but apparently the working of this statute was practically the same as the present Article 1065 C.C.P. It would therefore be my opinion that the first question above asked should be answered in the affirmative and that the sheriff or constable is entitled to seven and one-half cents for each mile necessarily traveled in the service of process <u>in each case.</u>

"It is my opinion that question No. 2 should also be answered in the affirmative, that is that the sheriff is entitled to mileage in each case

against each defendant even though said warrants of arrest are all executed in the same trip.

"It is my opinion that question No. 3 should be answered as follows:

"The sheriff or constable is entitled to mileage in each case coming and going that he has against A as well as a bond fee in each case. In addition the sheriff would be entitled to mileage going and coming in each case against B and C. However, under section 10 of Article 1065 C.C.P. should the arrests be made in a foreign County then the sheriff or constable would be entitled to his mileage in each case coming and going against as well as his bond fees. In addition he would be entitled to mileage in each case against B and C for going to the place of arrest, but only one mileage fee of twelve and one-half cents for each prisoner returned to the County from which the warrant was issued regardless of the number of cases that may be pending against each of said prisoners.

"It is my opinion in view of the above statutes and cases that the sheriff or constable would be entitled to mileage of seven and one-half cents in each case coming and going if the arrests were made in the home County. However, should the arrests be made in a foreign County then the sheriff or constable would be entitled to a mileage fee of seven and one-half cents in each case to the place of arrests and only one mileage fee of twelve and one-half cents for each prisoner regardless of the number of cases against the prisoner that he brings back from the place of arrest to his home county.

"I realize that Bigham vs. State, supra, had under consideration present Article 1029 C.C.P. as it then existed, but it appears to me that said Article applies only to felony cases, otherwise it could not be reconciled with Article 1065 C.C.P."

We have carefully considered your letter and the authorities cited therein, and call your attention to the fact that the case of Bigham v. State, 275 S.W. 147, cited by you, was reversed and appeal dismissed in 280 S. W. 1062.

With reference to fees in felony cases, this department held in an opinion (Reports and Opinions of Attorney General, 1924-26, page 248), "where there are a number of cases and the sheriff conveys the prisoners to jail and summons witnesses, he is entitled to mileage only for the number of miles actually traveled, and is not entitled to duplicate his mileage so as to receive mileage for many times the number of miles actually traveled."

The case of Bigham v. Jones, 291 S.W. 842, among other things, holds in effect, that a sheriff who conveys three prisoners to the county seat, two of whom he conveyed together, one being indicted for burglary in thirteen cases and the other being indicted for forgery in six cases, the sheriff could not recover fees for mileage for each separate case, but only for miles actually traveled. This case further holds that the sheriff serving subpoenaes on witnesses in numerous cases against the same defendant could not recover separate mileage on the basis of each case, but recovery was limited to miles actually and necessarily traveled. (Also see the cases of Hogg, et al, v. State, 48 S. W. 580; and Gulf, C. & S. F. Ry. Co., et al, v. Dawson, 7 S.W. 63.)

We have been unable to find any case where the Appellate Courts have construed Art. 1065, C.C.P. with reference to the questions here involved. The proper construction of said statute is very difficult. Therefore, our answers to your questions are not free from doubt, for the reason that the statutory provisions considered herein are more or less vague, uncertain and indefinite, and susceptible to more than one construction.

In answering all of your questions, it must be borne in mind that they each relate to charges for mileage in misdemeanor cases which are collected from the defendant only upon his final conviction.

Therefore, in answer to your first question, you are respectfully advised that it is the opinion of this department that the same should be answered in the negative. In this connection, you are further advised that we believe the proper procedure to be followed in such instances is to charge separate mileage for each case and the officer executing the subpoenas should make his returns accordingly. This for the reason the defendant may be convicted in only one case and acquitted in the other cases, or they may be dismissed. If this practice is not followed and the charge for mileage should be shown only on the officers return in one case and the defendant should be acquitted in that case, or if it should be dismissed, the question would arise as to whether any mileage could legally

be collected from the defendant upon his conviction in one of the remaining cases. We do not believe that the Legislature intended in such a situation that the officer should lose his charge for mileage, but that he may collect from the defendant such charge upon his conviction in any one of his cases, but having collected such charge he may not collect for the same service in any other case in which he may be convicted.

In answer to your question No. 2, we have concluded that separate mileage charge may be collected from each defendant, upon his final conviction in only one case. To give Section 11 of Article 1065 any other construction would lead to absurdities; be impracticable and result in injustice. This construction is consistent, we believe, with the legislative intent as expressed in said section when construed in its entirety. The officer should, as suggested in answer to your first question, charge full mileage in his return on each warrant served, but when the officer has collected mileage in one case, he may not collect mileage charge from the same defendant in any other case.

In answer to your question No. 3, you are advised that it is our opinion that the same mileage fee should be taxed against A as is taxed against B and C. The fact that he gave bond does not make any difference. A, B, and C should each be taxed the usual mileage charge of seven and one-half cents per mile. This charge would not be different if all the defendants were arrested in a county other than that of the county where the warrants were issued. Section 10 of Article 1065 applies only in cases where the defendant is arrested in a county other than the county from which the warrant was issued and is by an officer of the county where the arrest is made conveyed to the county where the case is pending.

We answer your question No. 4 in the negative. What we have heretofore said in answer to your first question with reference to charging mileage on each subpoena applies to warrants under the factual situation stated. When the defendant, after conviction, is taxed with mileage in one case, he may not be again taxed with mileage in any other case in which he may be subsequently convicted.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:EP:wc

APPROVED FEB 21, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/BWB Chairman