ALFRED HOLLINGSWORTH v. THE STATE.

No. 4115. Decided November 8, 1916.

1.—Incest—Evidence—Other Acts of Sexual Intercourse—Charge of Court.

Where, upon trial of incest, the evidence developed more than one act of sexual intercourse, the court should have limited a conviction to one act of sexual intercourse. Gollowing Battles v. State, 63 Texas Crim. Rep., 147.

2.—Same—Continuance—Practice on Appeal.

Where the judgment was reversed and the cause remanded for other reasons, the application for a continuance will not be discussed on appeal.

### 3.—Same—Evidence—Letter—Acts of Defendant.

Where, upon trial of incest, defendant denied the charge and refused to have anything to do with the demands made upon him for restitution, it was reversible error to introduce in evidence a letter written by the father of the prosecutrix to the defendant, to which he made no reply. Prendergast, Presiding Judge, dissenting.

### 4.—Same—Evidence—Other Acts of Sexual Intercourse—Election by State.

Upon trial of incest, testimony of other acts of sexual intercourse other than the one alleged in the indictment, were admissible in evidence, but should have been limited by the charge of the court for the purpose for which they were admitted in evidence, especially where the defendant requested the State to elect the act upon which it claimed a conviction.

### 5.—Same—Accomplice Testimony—Invited Error.

Upon trial of incest, the court should have given a proper charge on accomplice testimony, and this whether such charge was asked or not, and the court can not claim invited error where defendant insisted upon a charge correctly submitting the law of accomplice testimony.

### 6.—Same—Collateral Matters—Charge of Court—Rule Stated.

Where, in a trial of felony, testimony is introduced that is not original in its nature, but is of a collateral or impeaching character, it must be limited by the charge of the court to the purpose for which it was introduced.

Appeal from the District Court of Coryell. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of incest, his punishment being assessed at five years confinement in the penitentiary.

This is the second appeal. The record is somewhat changed from what it was on the former appeal, found reported in 78 Texas Crim. Rep., 489, 182 S. W. Rep., 465. The prosecutrix is alleged to be the niece of appellant. The facts show that she was about twenty years of age, living at appellant's house, and became ultimately the mother of a child. On the former trial, by referring to the opinion in that case, it will be seen, she testified, in substance, that appellant had not had intercourse with her, but that Dollins was the auther of her shame and the father of her child. On this trial she testified, denying that Dollins was the author of her shame, but refused absolutely to give the name of her betrayer. The State relied upon facts and circumstances to show that appellant was guilty. The girl lived at his house, and, of course, opportunities were afforded. Easter testified that he saw appellant and the girl in the act of sexual intercourse between sundown and dark in a seed-house, a crib; she had gone to milk the

cows and appellant had gone to where she was and they got into this seed-house and had intercourse.

When all the testimony was in, or when it developed there must have been more than one case of intercourse by somebody with the girl, the defendant asked that the State be required to elect upon which transaction it would rely for a conviction. This the court refused. The further proposition was made by appellant, in the trial court and here, substantially, that if an election should be made, and if not, then the testimony of the extraneous act should be limited. The writer has not agreed with the majority of this court either prior to 1911 or since with reference to this matter. It has been held by the majority of this court prior to 1911 that acts of this sort were admissible but should be limited by the judge. The majority of the court followed that rule in Battles v. State, 63 Texas Crim. Rep., 147. I do not care here nor now to review that question. Under my view of the law the State was not entitled to prove but one act; under the majority rule they were entitled to prove it but the force and effect of the testimony should have been limited. For this reason this judgment should be reversed.

The continuance will not be discussed, for upon another trial the testimony may be secured; if not, it will be presented in a different light.

While the trial was in progress the State offered in evidence a letter written by W. T. Dunn, father of prosecutrix, to appellant. Dunn was the father of the girl, appellant being her uncle. In this letter Dunn demanded of him certain things because he says appellant had ruined his daughter. Of course, Dunn knew nothing about it except what he had heard from some source. Appellant indignantly refused to have anything to do with and vigorously denied it. This testimony, under the circumstances, was not admissible. Had he responded in some way showing his guilt, or the fact he might have been guilty so it may have been used as a criminating fact, we might have a different proposition, but he indignantly refused to have anything to do with it and denied any connection with the matter, asserting his innocence. Upon another trial this testimony should not be admitted.

Oscar Easter testified that he saw defendant and the girl in the act of sexual intercourse in the seed-house alluded to previously. When the witness had finished appellant made a motion to exclude this testimony. This the court declined, and let it remain. Under the Battles case, supra, and cases of the same character, this testimony was admissible, but it should have been limited for the purpose for which it was admitted, whatever that may have been.

The girl gave birth to a child on the 29th of October. Easter swears that he saw them in the act of intercourse in May. Of course, appellant could not have been the father of that child if that was his only act of intercourse. It is evident, and the facts will show, as well as the laws of nature demonstrate, that she could not have given birth to a fully developed child from an act of intercourse in May. It neces-

sarily would have occurred as early as the latter part of January or some time in February. This testimony should have been either limited or the State required to elect upon which act it would rely for conviction, and the other act limited. Incest is not a continuous offense, and it would seem under the statute that each act of intercourse would be a separate offense. When the defendant requested the State be required to elect, it should have been granted, or failing to do that, the testimony should have been limited, but the court did neither. Upon another trial this matter will be properly looked after in the charge of the court, if the testimony is admitted.

The court charged the jury on accomplice testimony as follows: "If you should believe from the evidence, beyond a reasonable doubt, that the defendant, Alfred Hollingsworth, had carnal intercourse with the prosecutrix, Cassie Dunn, then you are instructed that Cassie Dunn would be an accomplice to the alleged crime of incest, and you can not find the defendant guilty alone upon the testimony of the said Cassie Dunn." This is the court's only charge on accomplice testimony. Proper exceptions were reserved in a timely way that presents the question squarely for decision. The court, qualifying the bill, states that he gave it more fully, and evidently he did, as it is set out in the bill of exceptions; that appellant excepted to it for several reasons, and the court changed the wording of the charge, leaving it as above quoted. He states that the reason he did that was appellant insisted on charging the statute. The court should charge the statute with reference to the offense whether asked or not. The law requires the court to give the law applicable to all the facts of the case. Some of the reasons here urged by appellant against the charge as originally written are that it was on the weight of the evidence and not applicable to the facts in the case, and that the court's charge should have conformed itself to the statute. The statute requires, where the girl is an accomplice, that she must be corroborated not only as to the fact of the intercourse but as to the facts and circumstances, or sufficiently at least to corroborate her tending to connect the defendant with the offense about which she testified. The court should not only have charged that if the jury should believe she had had intercourse with defendant that she would then be regarded as an accomplice but in that event her evidence should show him guilty, and they must believe her testimony true and the corroborating evidence must tend to connect him with the offense committed. It is not the writer's purpose to go into a detailed statement of the law and argument and reasoning along this line. This charge did not comply with the law, and the judge evidently in his qualification thought, or seemed to think, that he was going wrong because the appellant had invited the error. Reading the bill and his qualification we can not agree with it. Appellant insisted upon a charge on the law as the statute demanded. This the court did not give Among other things he mentioned specially was that the court should charge the jury that if her testimony was true and the jury

should believe it, there must be corroborating evidence tending to connect the defendant with the commission of the offense.

There were several charges asked by appellant, which were refused. We are of opinion that some of these charges should have been given.

There are other matters in the case, but enough has been said to indicate how the case should be tried upon another trial. Some of the testimony admitted ought to have been limited, but we deem it unnecessary to go into a detailed statement of this. The court and the attorneys for the State and appellant will understand that where tesimony is introduced that is not original testimony but is introduced for collateral or impeaching purposes, it will be limited for the purposes for which it is introduced. This is an old familiar rule and it seems like it would be unnecessary to discuss it.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

PRENDERGAST. PRESIDING JUDGE, dissenting.