R. L. TERRELL v. THE STATE.

No. 5956.   Decided March 2, 1921.

1.—Wife Desertion—Amending Statutes—Constitutional Law.

Section 36, Article 3, of the Constitution, declaring that no law shall
be revised or amended by reference to its title, etc., is not involved in
Article 640, C. C. P., wherein a wife is made a competent witness against
the husband charged with the offense of wife desertion, even if the effect
of this article be to restrict the operation of Art. 795, C. C. P., following
Clark v. Finley, 93 Texas, 177, and other cases.

**2.—Same—Letter—Evidence—Rule Stated—Act of Defendant—Res Gestae, When.**

Letters written by the person injured, or by a third person, addressed to the accused and received by him but never answered or acted on by him are not admissible against him unless they are a part of the *res gestae*, etc.; and where the wife of the defendant, in a trial for wife desertion, opened and read a letter addressed to him by a young woman, and when told about it simply laughed and said it made no difference to him, etc., but aside from the recitals in the letter there was nothing to show that defendant induced its writing, acted upon it, or adopted it, its contents were hearsay and should have been excluded, and not admitted in evidence. Following James v. State, 40 Texas Crim. Rep., 195, and Hollingsworth v. State, 80 Texas Crim. Rep., 300.

**3.—Same—Sufficiency of the Evidence—Practice on Appeal.**

Where, the sufficiency of the evidence was challenged, this matter will not be reviewed, in as much as another trial is contemplated. However, the desertion must be wilful and show that the wife was in destitute or necessitious circumstances. Following Wallace v. State, 85 Texas Crim. Rep., 91, and other cases.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of wife desertion; penalty, a fine of $500, and two months imprisonment in the county jail.

The opinion states the case.

*W. C. Linden,* and *Fly & Ragsdale,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of amendment of statute: Quinlan v. H. & T. C. Ry. Co., 89 Texas, 373; T. & P. Ry. Co. v. Webb, 102 Texas, 214; Fielder v. State, 40 Texas Crim. Rep., 184; and cases cited in opinion.

MORROW, Judge.—The appellant was convicted of wife desertion. (See Penal Code, Title 11, Chapter 9a).

In one of the subdivisions the statute the wife is made a competent witness against her husband charged with this offense. (See Article 640c). This is not an amendment to Article 795 of the Code of Criminal Procedure, wherein it is said that husband and wife "shall in no case testify against each other except in a criminal prosecution for an offense by one against the other." Section 36, Article 3 of the Constitution declaring "no law shall be revised or amended by reference to its title, but the section amended shall be re-enacted and published at length" is not applicable. Article 640c is complete within itself. Its effect may be to restrict the operation of Article 795, but this alone does not render it obnoxious to the clause of the Constitution mentioned. The question is settled by the decisions of this court and Supreme Court. See Clark v. Finley, 93 Texas, 177; Brown v. State, 57 Texas Crim. Rep., 269; Harris' Ann. Texas Constitution, page 275, note 10.

While the appellant was away from home a letter came addressed to him. His wife opened and read it. In her testimony she said:

"I told him about it and he just laughed at the idea and said that it didn't make any difference to him; that this girl thought more of him than I did; that if I wanted his letters, he would have them sent to the house if I would let him read them first."

Over the appellant's objection the letter was introduced in evidence. It contained statements supporting the inference that the appellant had made love to the girl by whom the letter was written subsequent to his marriage.

The general rule governing such evidence is stated in the Cyclopedia of law and Procedure, Volume 12, page 434, as follows:

"Letters written by the person injured or by third persons, addressed to the accused and received by him, but never answered or acted on by him, are not admissible against him unless they are part of the *res gestae*. Nor is his failure to answer them an admission of the truth of the statements contained in them. In this respect they differ from oral accusations, because otherwise the accused would be at the mercy of any letter writer whose name or address he did not know."

This is supported by numerous authorities; among them may be mentioned the following: People v. Colburn, 105 Cal., 648; Commonwealth v. Edgerly, 10 Allen (Mass.), 184; Packer v. United States, 106 Fed. Rep., 906; Commonwealth v. Eastman, 1 Cush., 189, 48 Amer. Dec. 596; Razor v. Razor, 149 Ill., 621; Learned v. Tillotson, 97 New York, 1; State v. Crowder, 41 Kansas, 101; Hollingsworth v. State, 80 Texas Crim. Rep., 300; James v. State, 40 Texas Crim. Rep., 195.

In the Hollingsworth case (78 Texas Crim. Rep., 491), he was charged with incest with his niece, Cassie Dunn. A letter from her was introduced upon the theory that it had been received by him. It contained declarations inculpating him. It was written subsequent to the time the alleged offense was committed and related to past events. He had not replied to it, adopted it nor acted upon it. The trial court admitted it in evidence against him and because thereof this court reversed the judgment of conviction. In the same case, upon a subsequent appeal, 80 Texas Crim. Rep., 300, the same ruling was made with reference to another letter. There are exceptions to the rule which it is not necessary here to detail. The evidence introduced against the appellant was brought within none of the exceptions to the rule excluding such letters. The letter was the declaration of the writer thereof. Appellant admitted that the girl who wrote the letter thought much of him, but aside from the recitals in the letter, we find nothing to show that appellant induced its writing, acted upon it, or adopted it. Its contents were hearsay and upon that ground it should have been excluded.

Other bills of exceptions have been examined. In none of them is there presented any matter requiring review. The sufficiency of the evidence is challenged, but contemplating another trial, we will not

review it, suffice it to say that conviction cannot be had except upon proof that there was a wilful desertion of the wife and that she was in destitute or necessitous circumstances. Windham v. State, 80 Texas Crim. Rep., 551; 192 S. W. Rep., 248; Verse v. State, 81 Tex. Crim. Rep., 48; Lamm v. State, 85 Texas Crim. Rep., 48; Wallace v. State, 85 Texas Crim. Rep., 91.

Because of the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*