Roy Kachel v. The State.

No. 8211. Decided November 28, 1923.

**1.—Wife Desertion—Information—Present Tense.**

Where, upon trial of wife desertion the complaint and information alleged that on February 2, 1923, the defendant deserted his wife, who *is* in destitute and necessitous circumstances, the motion to quash should have been sustained, as the pleading only alleged the destitute circumstances of the wife at the time of instituting the prosecution; whereas, her status in that respect at the time of the alleged desertion was the controlling issue. Following Cox v. State, 84 Texas Crim. Rep., 49.

**2.—Same—Evidence—Letter.**

The admission in evidence of an unidentified letter written to the defendant by a nonidentified party, which was found in his pocket, was error. Following Terrell v. State, 88 Texas Crim. Rep., 599, and other cases.

Appeal from the County Court of Polk. Tried below before the Honorable E. T. Murphy.

Appeal from a conviction of wife desertion; penalty, a fine of $250.00 and 90 days confinement in the county jail.

The opinion states the case.

*Z. L. Foreman* and *F. Campbell,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Conviction is for wife desertion. Punishment, fine of $250 and ninety days in jail.

The prosecution was by complaint and information. The complaint was made on July 16th, 1923 and it and the information were filed on that date. The complaint alleges that on February 2, 1923 appellant deserted his wife, "who *is* in destitute and necessitous circumstances." The information follows the complaint with the same allegation of *present* destitution. Motion to quash was filed based upon the ground that the pleading of the State alleged only the destitute circumstances of the wife at the time of instituting the prosecution, whereas her status in that respect at the time of the alleged desertion was the controlling issue. We are of opinion appellant's contention is correct, and that the court should have sustained the motion to quash. In Cox v. State, 84 Texas Crim. Rep., 49, 205 S. W. Rep., 131 the question of vagrancy was discussed as presenting the issue of the *present* rather than the *past* status of accused. The same issue is here involved except that here it is the *past* status of the wife relative to being in destitute circumstances at the time of the alleged deser-

tion, and not her *present* status in that regard. A man might desert his wife leaving her well supplied with all the money and comforts necessary, and yet some time within the period of limitation for some reason not attributable to him she might become destitute, but in such case we do not believe a prosecution for desertion could be maintained. O'Brien v. State, 90 Texas Crim. Rep., 276, 234 S. W. Rep., 668, and Bobo v. State, 90 Texas Crim. Rep., 397, 235 S. W. Rep., 878, are authority for the proposition that under the statute in question) Art. 640a, C. C. P.), a man might be guilty of wilfully refusing to provide for the support of his wife although he had not deserted her. But that issue is not in the present case. If appellant is guilty it was because of desertion at a time when his wife was in necessitous circumstance. In Sikes v. State, 67 Alabama, 77, an indictment was held defective because the averments related to the time when it was filed, and in not charging the attendant facts and circumstances which made the offense to have existed at the time the alleged offense was committed.

In the event of further prosecution we call attention to a question raised because of the admission of the contents of a letter from some unidentified party to appellant which was found in his pocket. This should not have been admitted. It was hearsay. It is not shown that he adopted or acted on the letter. For elaboration of our reasons why it should have been excluded, see Terrell v. State, 88 Texas Crim. Rep., 599, 228 S. W. Rep., 240; Hollingsworth v. State, 80 Texas Crim. Rep., 299, 189 S. W. Rep., 488; James v. State, 40 Texas Crim. Rep., 190, and other authorities cited in the Terrell opinion.

The judgment must be reversed, and the prosecution under the present complaint and information dismissed.

*Dismissed.*