JIM COVINGTON V. THE STATE.

No. 9897.    Delivered February 17, 1926.

**Failure to Support Wife—Information—Fatally Defective.**

The failure to support and maintain the wife, in order to be an offense under our laws, must be wilfully done. The information herein failing to charge that appellant "wilfully" failed to provide for and support his wife, is fatally defective, and the cause is reversed and dismissed. Following Dickey v. State, 198 S. W. 310 and many other cases cited.

Appeal from the County Court of Hopkins County. Tried below before the Hon. Geo. C. Stephens, Judge.

Appeal from a conviction for failing to provide for and supporting wife, penalty a fine of $25.00.

*Dial & Brim* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is refusal to provide for the support and maintenance of appellant's wife and the punishment is a fine of $25.00.

The information, omitting formal parts, charges that "on or about the 31st day of March A. D. 1924, in the county and state aforesaid did unlawfully and without justification neglect and refuse to provide for the support and maintenance of Callie Covington * * * The appellant made a motion to quash this information because it does not charge that the act or refusal to provide for the support and maintenance of the wife was wilfully done. In order to convict a husband under this statute he must not only desert his wife or fail to support her as the case may be, but it must be wilfully done.    Dickey v. State, 198 S. W. 310; Terrell v. State, 228 S. W. 240; Windham v. State, 80 Tex. Crim. Rep. 551; 192 S. W. 248; Verse v. State, 81 Tex. Crim. Rep. 48; 193 S. W. 303; Lamm v. State, 85 Tex. Crim. Rep. 48; 210 S. W. 209; Wallace v. State, 85 Tex. Crim. Rep. 91; 210 S. W. 206.

It being essential to the state's case that proof be made that the failure to support the wife was wilfully done, it follows that the information should have charged that the offense was wilfully committed.    The information failing in this respect the motion to quash the same should have been sustained and for the court's error in refusing to do so, the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.