JOHN R. BIGHAM, SHERIFF, v. LEWIS H. JONES, DISTRICT JUDGE

No. 4630.     Decided February 16, 1927.

(291 S. W., 842).

**1.—Sheriff—Fees of Office—Transporting Prisoners.**

Two prisoners each indicted for felony in thirteen cases being under arrest in another county, the sheriff, in going after and transporting them back together by private conveyance, was entitled by law (Art. 1122, Code of Crim. Proc., 1911, as amended by Act of April 3, 1923, Laws, 38th Leg., Ch. 181, Sec. 4, p. 399) to fourteen cents per mile for each mile traveled in going and returning and eight cents per mile going and returning for the additional prisoner. This 22 cents per mile for each mile actually traveled constituted his fee, not 26 times that amount for each of the indictments against each prisoner under which they were charged and so transported. (Pp. 349-354).

**2.—Sheriff's Fees—Service of Process in Felony Cases—Mileage.**

For serving process in felony cases where the sheriff, on a single trip, served numerous subpoenaes on witnesses in various cases, as where the same witnesses were summoned on each of several indictments against the same parties, the sheriff was entitled to lawfully charge only once for the mileage actually traveled in the service. He could not duplicate the mileage in each of the cases in which each of the witnesses was summoned. (Pp. 349-354).

**3.—Sheriff—Fees of Office—District Judge—Mandamus.**

In action to require by mandamus the District Judge to approve a sheriff's bill for costs in conveying prisoners and serving process in felony cases, where it appeared that various amounts allowed by the judge and the aggregate amount allowed on the bill were for more than he could lawfully claim, it was immaterial whether the allowance on one particular item was too low. (P. 354).

This was an original action in the Supreme Court brought by

John R. Bigham, Sheriff of Bell County, for writ of mandamus requiring Lewis H. Jones, District Judge, to approve relator's bill for services as sheriff in criminal cases.

The court referred the application to the Commission of Appeals, Section A, for their opinion, and here adopt same and refuse the writ in accordance therewith.

*Winbourn Pearce, Walker Saulsbury* and *W. W. Hair*, for relator, cited and discussed: Bigham v. State, 275 S. W., 147; Bigham v. State, 280 S. W., 1062; Rochelle v. Lane, 148 S. W., 557; G. C. & S. F. Ry. Co. v. Dawson, 69 Texas, 518; Opinion of Judge Bryant of Attorney General's Department, Jan. 20, 1920.

*Dan Moody,* Attorney-General, and *Weaver Moore,* Assistant for respondent.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

John R. Bigham, Sheriff of Bell County, Texas, seeks by writ of mandamus to require the Judge of the District Court of said county to approve his account for mileage alleged to be due him in executing warrants of arrest, conveying and removing prisoners, and summoning witnesses.

In the District Court of Bell County, Henry Ennis, Steve Lewis and Cecil Henderson were each indicted for burglary in thirteen cases, and Rosa Lee Shea was indicted for forgery in six cases. Ennis and Lewis were arrested by the Sheriff of Dallas County at Dallas in each of the cases against them, and were conveyed and removed by Bigham at same time from Dallas to the county seat of Bell County, a distance of 146 miles. Cecil Henderson was arrested by the Sheriff of Brown County at Brownwood in each of the cases against him and was by Bigham conveyed and removed from Brownwood to said county seat of Bell County, a distance of 140 miles. Rosa Lee Shea was arrested by Bigham in all six cases against her at the same time in Bell County ten miles from the county seat, and by him conveyed to jail, a distance of ten miles.

Bigham in his account claimed fees for mileage in each of the 26 cases against Ennis and Lewis as follows:

"To 146 miles going to remove prisoner, 14 cents (per mile) by other conveyance (than by railroad), $20.44.

"To 146 miles returning with prisoner by private conveyance at 28 cents per mile, $40.88."

In each of the 13 cases against Henderson he in his account claimed fees for mileage as follows:

"To 140 miles going to remove prisoner 14 cents (per mile) by other conveyance (than by railroad), $19.60.

"To 140 miles returning with prisoner by private conveyance at 28 cents per mile, $39.20."

In each of the cases against Rosa Lee Shea he in his account claimed fees for mileage in serving the warrants of arrest and conveying the prisoner to jail as follows:

"To 10 miles going to arrest at 5 cents per mile, 50 cents.

"To 10 miles returning with prisoner by private conveyance, 28 cents per mile, $2.80."

The total amount of fees thus claimed for conveying and removing Ennis and Lewis from Dallas, a distance of 146 miles, to the county seat of Bell County, is $1,594.32. The total amount claimed for conveying and removing Henderson is $764.40, and the amount claimed for mileage in arresting Rosa Lee Shea in the six cases against her and conveying her to jail, $19.80. The total distance traveled in rendering this service is 884 miles, and the total charge made for same is $2,378.52.

The District Judge approved the account in part only, allowing $61.32 for conveying and removing Ennis, $61.32 for conveying and removing Lewis, $58.80 for conveying and removing Henderson, and $3.30 for going to the place of arrest and conveying Rosa Lee Shea to jail, these sums being the amount claimed for this service in each of the cases against each of these parties respectively.

In each of the 13 cases against Ennis the sheriff served seven writs of subpoena for 40 witnesses. These witnesses were the same in each of these cases and were served on the same trip and at the same time on all the witnesses in the 13 cases. In serving all of these witnesses the sheriff traveled 888 miles. In his account he claimed fees for mileage in each case, or for 13 times as many miles as he actually traveled, a total distance of 11,544 miles at 5 cents per mile, amounting to $577.20. The District Judge allowed this claim for only 888 miles at 5c per mile, amounting to $44.40, this being the number of miles the sheriff actually traveled in serving subpoena on all of these witnesses.

In each of the 13 cases against Lewis the sheriff served six writs of subpoena for 43 witnesses. These witnesses were the same in each of these cases and were served on the same trip and at the same time on all of the witnesses in these 13 cases. In serving all of these witnesses the sheriff traveled 708 miles. In his account he claimed fees for mileage in each case, or for 13 times as many miles as he actually traveled, a total distance of 9,204 miles at 5 cents per mile, amounting to $460.20. The District Judge allowed this claim for only 708 miles at 5 cents

per mile, amounting to $35.40, this being the number of miles the sheriff actually traveled serving subpoenas on all of these witnesses.

In each of the thirteen cases against Henderson the sheriff served two writs of subpoena for thirty witnesses. These witnesses were the same in each of these cases and were served on the same trip and at the same time on all of the witnesss in these thirteen cases. In serving all of these witnesses, the sheriff traveled 768 miles. In his account he claimed fees for mileage in each case, or for thirteen times as many miles as he actually traveled, a total distance of 9,984 miles at 5 cents per mile, amounting to $499.20. The District Judge allowed this claim for only 768 miles at 5 cents per mile, amounting to $38.40, this being the number of miles the sheriff actually traveled in serving subpoenas on all of these witnesses.

In each of the six cases against Rosa Lee Shea the sheriff served four writs of subpoena for thirty-one witnesses. These witnesses were the same in each of these cases and were served on the same trip and at the same time on all the witnesses in these six cases. In serving all of these witnesses the sheriff traveled 480 miles. In his account he claimed fees for mileage in each case, or for six times as many miles as he actually traveled, a total of 2,880 miles at 5 cents per mile, amounting to $144. The District Judge allowed this claim for only 480 miles at 5 cents per mile, amounting to $24, this being the number of miles he actually traveled in serving subpoenas on all of these witnesses.

The sheriff, Bigham, insists that, under the provisions of Art. 1122, Code of Criminal Procedure of 1911, as amended by the Acts of the Thirty-eighth Legislature during its regular session of 1923, Chap. 181, he was entitled to receive fees for mileage as claimed in his account presented to the District Judge. These provisions are:

"The sheriffs and constables of this State shall receive the following fees:

"1. For executing each warrant of arrest or capias, for making arrest without warrant when so authorized by law, the sum of $1.00, and in all cases 5 cents per mile for each mile actually and necessarily traveled in going to the place of arrest; and, for conveying the prisoner or prisoners to jail, he shall receive the mileage provided in Subd. 5 of this Act.

"2. For summoning or attaching each witness, 50 cents."

\*    \*    \*    \*    \*    \*    \*    \*

"5. For removing or conveying prisoners, for each mile going and coming, including guards and all other necessary expenses,

when traveling by railroad, 10 cents. When traveling otherwise than by railroad, 14 cents; provided, that where more than one prisoner is so conveyed or removed at the same time, in addition to the foregoing, he shall only be allowed 8 cents per mile for each additional prisoner; provided, that when an officer goes beyond the limits of this State after a fugitive on requisition of the Governor, he shall receive such compensation only as the Governor shall allow for such service.

"6. For each mile the officer may be compelled to travel in executing criminal process, summoning or attaching witnesses, 5 cents; provided, that in no case shall he be allowed to duplicate his mileage, when two or more witnesses are named in the same or different writs in any case, and he shall serve process on them in the same neighborhood or vicinity during the same trip, he shall not charge mileage for serving such witnesses to or from the county seat, but shall charge only one mileage, and for such additional only as are actually and necessarily traveled in summoning and attaching each additional. When process is sent by mail to any officer away from the county seat, or returned by mail by such officer, he shall only be allowed to charge mileage for the miles actually traveled by him in executing such process; and the return of the officer shall show the character of the services, and miles actually traveled in accordance with this subdivision; and his account shall show the facts."

The Legislature was here providing for compensation to be paid the officer by the State of Texas for services rendered in cases of felony in the performance of his duties. For summoning each witness the officer's compensation is fixed at 50 cents, and for each mile he should "be compelled to travel in executing criminal process, summoning or attaching witnesses," his compensation is fixed at 5 cents per mile. This compensation is clearly based on the number of miles the officer is compelled to travel, and not on the number of writs of subpoena he may have in his possession, whether such writs are issued in the same or different cases. We think the language here used makes it clear that it was intended that the number of miles actually traveled should be the sole basis upon which compensation should be allowed and paid by the State. The fact that in this connection it was provided that the officer should serve subpoenas on witnesses in "the same neighborhood or vicinity" when two or more were named in the same or different subpoenas in the same case, and that he should not be allowed to duplicate the mileage, should not be taken as indicating that the Legislature intended a meaning other than that the language clearly imports in providing

that sheriffs and constables should receive "for each mile the officer may be compelled to travel in executing criminal process in summoning or attaching witnesses, 5 cents."

The original Act providing for compensation for mileage in traveling in the service of process was passed by the Fifteenth Legislature in 1876.   The language used in that Act is:

"Sec. 11.   Sheriffs shall receive the following fees:   For serving each original writ or citation in a civil suit, and a copy of petition, one dollar and fifty cents; for executing each warrant of arrest or capias, or making arrest without warrant, one dollar; for each mile he may be compelled to travel in executing criminal process or summoning or attaching witnesses, five cents; for traveling in the service of any process, not otherwise provided for, the sum of five cents for each mile going and returning, computing the distance from the place of service to the place of return; if two or more persons are mentioned in the writ, he shall charge for the distance actually and necessarily traveled in the service of the same; these fees in cases of felony to be paid by the State, where the defendant is brought to trial."

Language practically identical with that used in this Act providing that "for traveling in the service of any process, not otherwise provided for, the sum of 5 cents for each mile going and returning, computing the distance from the place of service to the place of return," has, in the case of Gulf, C. & S. F. Ry. Co. v. Dawson, 69 Texas, 518, been declared to mean that the officer was entitled to charge 5 cents per mile for each writ, though he may have served more than one on the same trip.   However, the language used in this original Act in providing for compensation to be paid an officer for mileage in serving criminal process, and that used providing for compensation to be paid for mileage in process other than criminal, is not only not practically the same, but is radically different, though both provide for the same amount per mile.   There would have been no reason for using different language in the two provisions if their meaning was the same.   Indeed, there would have been no reason for having more than one provision if they were identical in meaning.   It is apparent from the language used in this original Act that it was intended that the only basis on which the officer was to be allowed fees for mileage in executing criminal process was the number of miles he was compelled to travel, while in executing process other than criminal, the basis was the number of miles traveled in executing each writ.

In all subsequent amendments the Legislature has seen fit to employ the same language as was originally used in providing for

fees to be paid by the State for mileage for services rendered in summoning witnesses in felony cases, and we are therefore impelled to the conclusion that the District Judge in allowing compensation for only the number of miles actually traveled, was acting in full compliance with the statute providing for such services.

Sec. 5 of Art. 1122 above quoted does not purport to allow fees for mileage in each separate case in which prisoners are removed and conveyed. It allows only 14 cents per mile, going and coming, when traveling other than by railroad in conveying and removing one prisoner; and 14 cents per mile going and coming for one, and 8 cents per mile going and coming for each additional prisoner when more than one is being conveyed and removed at the same time and on the same trip. Ennis and Lewis were at the same time and on the same trip removed in traveling other than by railroad from the county seat of Bell County to Dallas and returning. The distance traveled going and coming was 292 miles. The sheriff is, by the provisions of this section, allowed 14 cents per mile for conveying one, and 8 cents per mile for the additional prisoner, or 22 cents per mile for the 292 miles traveled in conveying both. The amount allowed by this section for this service is $64.14. The District Judge has approved the sheriff's account for the sum of $122.64, or for $58.50 more than is allowed by this section. In conveying and removing Henderson from Brownwood the distance traveled going and coming was 280 miles. At 14 cents per mile the amount allowed by this section is $39.20. However, the District Judge has approved a charge of 14 cents per mile for going 140 miles for this prisoner, and 28 cents per mile for returning 140 miles with the prisoner, amounting to $58.80, or $19.60 in excess of that allowed by this section.

It is not necessary in this case to decide whether Sec. 1 of this article allows the officer to receive as fees 5 cents per mile for going ten miles to the place of arrest in each of the six cases against Rosa Lee Shea. The District Judge has approved the claim for 50 cents in one of these cases. The additional amount claimed for this service is $2.50. The sheriff's account was by the District Judge approved for $78.10 in excess of that he was entitled to receive in conveying and removing Ennis, Lewis, and Henderson. It therefore appears that the account of the sheriff has been approved for more than he was entitled to receive, even had this claim for $2.50 for going to the place of arrest been allowed.

We recommend that relator's application for writ of mandamus be refused.

The opinion of the Commission of Appeals is adopted and the writ of mandamus refused.

*C. M. Cureton*, Chief Justice.