# H. H. Burns v. The State.

No. 15494.   Delivered May 17, 1933.
Reported in 61 S. W. (2d) 512.

The opinion states the case.

*Maurice Short* and *White, Taylor & Gardner,* all of Austin, and *W. I. Davis,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is extortion; the punishment, confinement in the penitentiary for two years.

In the indictment it was substantially charged that appel-

lant, as sheriff of Shelby county, wilfully demanded and collected from the State of Texas five dollars in money purporting to be a fee for traveling fifty miles in serving J. B. Walker with a subpoena. It was averred that appellant did not actually travel fifty miles, or any part of such distance, in the execution of the subpoena.

A subpoena had been issued commanding J. B. Walker to appear before the district court of Shelby county as a witness in a criminal case. Walker's residence was at the county seat, a few blocks from the courthouse. His place of business was at Camp Brittain, which was twenty-five miles from the county seat. It was his custom to spend two nights a week at his place of business, and during each day he was engaged in carrying on his business at Camp Brittain. On the occasion of the service of the subpoena, the witness was at his home at the county seat. He was served by one of appellant's deputies.

Appellant defended on the ground that, in good faith, he actually traveled fifty miles in serving the subpoena. The testimony of appellant's witnesses was, in substance, as follows: After the subpoena had been issued, appellant went to Walker's place of business in Camp Brittain. Upon his arrival, he found that Walker had gone to the county seat. Traveling twenty-five miles back to the courthouse, appellant handed the subpoena to a deputy sheriff, who went to Walker's home and served him.

Bill of exception No. 11 brings forward for review the action of the trial court in refusing to permit appellant to prove by the witness Anderson that on the occasion in question he saw appellant at Camp Brittain with a subpoena for J. B. Walker. It was the trial judge's view, as expressed in the qualification appended to the bill of exception, that appellant's failure to serve the witness at Camp Brittain rendered irrelevant and immaterial testimony showing appellant's presence there with a subpoena for the witness.

Apparently the trial court entertained the opinion that the testimony of appellant's witnesses presented no affirmative defense. We are unable to bring ourselves to this view.

The statute defining "extortion" makes the wilful doing of the prohibited act an essential ingredient of the offense. See article 365, P. C. When the term "wilful" is used in a penal statute to characterize a forbidden act, it means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful. S. A. Christian v. State, Opinion No. 15,423, delivered April 12, 1933; Thomas v. State, 14 Texas App., 200. We quote from 2 Bishop on Criminal Law, Ninth

Edition, p. 328, as follows: "And it is always held that extortion proceeds only from a corrupt mind. All officers therefore 'and especially those who are acting judicially, have a right to demand that a jury shall pass upon their intent in taking the fees, and find that the act was wilful and corrupt, before they can be lawfully convicted of this serious charge.' "

The fact that the defensive testimony might not show that appellant was entitled to demand and collect the fee in question would not warrant the rejection of testimony tending to show appellant's honesty of purpose and good faith in making the charge for which he was being prosecuted. If appellant believed his act to be lawful, and had reasonable ground for his belief, the essential ingredient of wilfulness was absent. In extortion cases, where the law fixing the fees in question is not settled, and is obscure and confusing, and is subject to more than one reasonable construction, application will not be made of the rule that "no mistake of law excuses one committing an offense." See article 40, P. C. On the contrary, where the law fixing the fee is settled and plain the rule, in its rigor, will be applied. Clint D. Lewis v. State, Opinion No. 15,269, delivered May 10, 1933. In State v. Cutter, 36 New Jersey Law Reports, 125, the court considered a case for extortion in taking fees to which the officer was not entitled. The prosecution argued that as the fees to which the officer was entitled were fixed by law he could not set up as an excuse for his conduct his ignorance of the law. In the course of the opinion the court said: "The argument goes upon the legal maxim ignorantia legis neminem excusat. But this rule, in its application to the law of crimes, is subject, as it is sometimes in respect to civil rights, to certain important exceptions. Where the act done is malum in se, or where the law which had been infringed was settled and plain, the maxim, in its rigor, will be applied; but where the law is not settled, or is obscure, and where the guilty intention, being a necessary constituent of the particular offense, is dependent on a knowledge of the law, this rule, if enforced, would be misapplied. To give it any force in such instances, would be to turn it aside from its rational and original purpose, and to convert it into an instrument of injustice. The judgments of the courts have confined it to its proper sphere."

In the recent case of Lewis v. State, supra, we referred to the fact that in some jurisdictions it has been held that if the law under which illegal fees are alleged to have been collected is obscure or confusing, and subject to more than one reasonable construction, one charged with a wilful violation of

such law may show that he acted under legal advice regarding the fees collected. In Lewis' case the statute under which the fees were demanded and collected had been construed by our Supreme Court in Bigham v. Jones, 291 S. W., 842. The law was settled and plain. In the present case, the statute relating to the fees appellant was entitled to collect is deemed obscure. The statute (subdivision 5 of article 1030, C. C. P.) reads, in part, as follows: "For each mile the officer may be compelled to travel in executing criminal process, summoning or attaching witnesses, ten cents; provided, that in no case shall he be allowed to duplicate his mileage when two or more witnesses are named in the same or different writs in any case and he shall serve process on them in the same vicinity or neighborhood, during the same trip, he shall not charge mileage for serving such witness to and from the county seat, but shall only charge one mileage, and for such additional miles only as are actually and necessarily traveled in summoning or attaching each additional witness."

In subdivision 7, article 1132, Code of Criminal Procedure of 1911, it was provided: "In allowing mileage, the judge shall ascertain whether the process was served on one or more of the parties named therein on the same tour, and shall allow mileage, only for the number of miles actually traveled, and then only for the journey made at the time the service was perfected."

In adopting the Code of Criminal Procedure of 1925, the Legislature carried forward article 1132, supra, into article 1033 of the new Code, but omitted that provision of the old Code to the effect that the judge shall allow mileage only for the number of miles actually traveled and then only for the journey at the time the service was perfected. We have been unable to find the provision in question in our present Code of Criminal Procedure. It is unnecessary to decide whether the statute as it now appears in the Code should be construed to allow the number of miles traveled in unsuccessful trips in an effort to execute subpoenas, or should be held to mean that the officer is entitled to the number of miles actually and necessarily traveled on the journey made at the time the service was perfected. The point is that the statute is not plain. It might reasonably be construed to entitle appellant to the fee he demanded if he acted in good faith in traveling to the witness' place of business in an effort to serve him, and upon his return to the courthouse procured immediate service of the process by his deputy. In Gulf C. & S. F. Ry. Co. et al. v. Dawson, Sheriff, 7 S. W., 63, the court considered an appeal from a judg-

ment of the district court, on a motion to retax the costs of the sheriff. In serving the process it was necessary to go from the county seat a distance of twenty-five miles. Millican, which was twenty miles from Bryan, was in the direction of the domicile of the witnesses. The sheriff took all of the subpoenas to Millican and turned them over to his deputy, who traveled five miles further and served them. Returning to Millican, the deputy mailed the subpoenas to the county seat to the sheriff. The Supreme Court said that the sheriff can only rightfully charge for the distance actually and necessarily traveled in any case. We quote from the opinion as follows: "The sheriff by going to Millican, and placing the writs in the hands of his deputy, secured their service. He was compelled to return to his office at the county seat. This was necessary travel, incident to the service of the process; and it is a matter of no moment, so far as regards this question, that instead of waiting at Millican to receive the process from the hands of his deputy, and returning them in person, he left them to be returned by mail. The fact is that they were duly served and returned, and the service for which he made the charge was fully performed."

Having reached the conclusion that the law is not settled and plain, we are constrained to hold that if appellant, acting in good faith, did the things shown in the defensive testimony, and reasonably believed that he was entitled to the fee he demanded and collected, he is not guilty of extortion. It follows that the testimony of the witness that he saw appellant on the occasion in question at Camp Brittain with a subpoena for Walker was erroneously rejected.

Exception was timely and properly interposed to the failure of the court to submit a charge covering appellant's affirmative defense. The exception was well taken. The discussion of bill of exception No. 11 indicates the manner in which the defensive issues should be affirmatively submitted.

Over appellant's timely and proper objection, the court defined the term "willful" as follows: "Proceeding from a conscious motion of the will; intending the result which actually comes to pass; designed; intentional; malicious." This definition was condemned in Christian v. State, supra, and Lewis v. State, supra.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.