GLENN W. MUSSER v. THE STATE.

No. 19421.   Delivered November 9, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*Samuels, Foster, Brown & McGee,* of Fort Worth, and Polk Shelton and Dan Moody, both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted for the failure to file the report required by Chap. 241, Sec. 9, Acts of the Regular Session of the 44th Legislature, 1935. The punishment was assessed at a fine of $1000.

Sec. 9, supra, reads as follows: "Every distributor shall make and deliver to the Comptroller on the 10th day of each month a report for the preceding calendar month upon a form to be prescribed by the Comptroller, which report shall be properly sworn to and executed by the distributor or his duly authorized representative and which, among other things, shall show the beginning and ending inventories for the period reported of all cigarettes, reflecting separately whether stamped or unstamped, and the number and denominations of unused stamps on hand. Said report shall also show the number of cigarettes purchased or received and the number of cigarettes sold, used, or in any other manner disposed of, and shall reflect separately the information herein required as between stamped and unstamped cigarettes. Said report shall also show the number and denominations of stamps purchased or received and the number and denominations of stamps sold, used, lost, returned to the Treasurer for credit, exchanged, or disposed of in any other manner; provided, further, that said report

shall show separately the number of cigarettes sold or distributed in interstate commerce and in intrastate commerce during the period. Provided, further that the report shall show separately in the space provided therefor complete information of all drop-shipments of cigarettes handled by or through said distributor and a copy or copies of all invoices of such drop-shipments shall be sent with and attached to said report."

The state relied upon circumstantial evidence, which, in our opinion, was sufficient to support the judgment of conviction.

Appellant did not testify, and no affirmative defense was raised by the testimony of the few witnesses he introduced.

Bill of exception No. 7 reflects reversible error. It is shown therein that the state introduced in evidence a carbon copy of a letter, which we set forth as follows:

"February 15, 1936
"REGISTERED—RETURN RECEIPT REQUESTED
"DELIVER TO ADDRESSEE ONLY.

"Mr. Glenn W. Musser
"3800 Crestline Croad
"Fort Worth, Texas.
"Dear Sir:

"This is to advise you that on February 13 your agent Mr. W. H. Fritzmeier sold cigarettes to one Mr. Reasonover in Dallas without stamps affixed and without having a prior order for such cigarettes. Your attention is again directed, as it has been many times before, to the cigarette tax law (H. B. 755, R. S. 44th Legislature) which requires sworn reports to the State Comptroller of all cigarettes handled during the preceding calendar month, whether interstate or intrastate, by distributors in this State."

"Yours very truly,
"SK/rls                              "Sam Kimberlin, Director
                                     "Cigarette Tax Division."

Mr. Kimberlin was Director of the Cigarette Tax Division of the Comptroller's office. He was not called as a witness. However, the state sought to lay a predicate for the introduction of the above-quoted copy by the testimony of the stenographer to whom the letter was dictated. Before such copy was admitted in evidence appellant interposed objections as follows: "That such carbon copy of the letter referred to by Miss Schutz in her testimony was irrelevant and immaterial; that it was prejudicial; that the defendant could not be bound by

any letter which Sam Kimberlin might have written to him; that it was hearsay; that the absence of said letter had not been accounted for, and that the copy was secondary evidence; that it had not been shown that the defendant ever adopted the letter or acted upon it; that a sufficient predicate had not been laid for the introduction in evidence of said testimony or of the letter; that the statement in the carbon copy to the effect that W. H. Fritzmeier was an agent of the defendant was a conclusion of the writer and hearsay as to the defendant; that the statement in the letter to the effect that Fritzmeier sold cigarettes to Reasonover was hearsay as to the defendant, and the defendant could not be bound either by the statement that such sale had been made or by the sale, if in fact one had been made, unless it was shown first that the defendant assented to, authorized, or in some way participated in such sale; that insofar as said letter charged that Fritzmeier had made a sale of cigarettes to Reasonover without stamps having been affixed to the cigarettes, it was an attempt to prove by hearsay an extraneous offense committed by a third person and to connect defendant with such extraneous offense by the hearsay statement in the letter that such third person was an agent of the defendant." It is stated in the bill of exception that appellant objected to the letter as a whole for all of the reasons stated, and then objected to the several parts of the letter for the same reasons.

Deleting certain words and phrases, we think the following statement in the letter was admissible: "Your attention is directed to the cigarette tax law (H. B. 755, R. S. 44th Legislature) which requires sworn reports to the State Comptroller of all cigarettes handled during the preceding calendar month, whether interstate or intrastate, by distributors in this State."

Adverting to the charge in effect that appellant had procured his agent Fritzmeier to sell cigarettes to Reasonover under the circumstances stated in said letter, it is to be noted that the state relied upon circumstantial evidence to show that appellant was responsible for the acts of his agents in selling cigarettes without first procuring orders therefor and without affixing the stamps to such cigarettes. Necessarily the implication was present that Mr. Kimberlin had knowledge of facts which made it certain that appellant and Fritzmeier were violating the "Cigarette Tax Law." The letter was shown to have been received, but it was not shown that appellant answered or acted upon it. Moreover, the statement in question was hearsay. In Hollingsworth v. State, 78 Tex. Cr. R. 491,

it is shown that Hollingsworth was charged with incest with his niece. Over objection, a letter from her was introduced upon the theory that it had been received by Hollingsworth. It contained declarations implicating him. He had not replied to the letter and had not adopted or acted upon it. In concluding that error was committed, the court pointed out that Hollingsworth had not induced its writing, acted on it or adopted it. Moreover, the statements embraced in the letter were held to be hearsay. In Terrell v. State, 228 S. W. 240, this court quoted with approval the rule governing such evidence as stated in the Cyclopedia of Law and Procedure, vol. 12, page 434, as follows: "Letters written by the person injured or by third persons, addressed to the accused and received by him, but never answered or acted on by him, are not admissible against him unless they are part of the res gestae. Nor is his failure to answer them an admission of the truth of the statements contained in them. In this respect they differ from oral accusations, because otherwise the accused would be at the mercy of any letter writer whose name or address he did not know."

In Kachel v. State, 256 S. W. 263, Judge Hawkins, speaking for the court, used language as follows: "In the event of further prosecution we call attention to a question raised because of the admission of the contents of a letter from some unidentified party to appellant which was found in his pocket. This should not have been admitted. It was hearsay. It is not shown he adopted or acted on the letter. For elaboration of our reasons why it should have been excluded, see Terrell v. State, 88 Tex. Cr. R. 599, 228 S. W. 240; Hollingsworth v. State, 80 Tex. Cr. R. 299, 189 S. W. 488; James v. State, 40 Tex. Cr. R. 190, 49 S. W. 401 * * * ."

Attention is called to the fact that it is the rule in civil cases in this state that carbon copies of letters are copies and not duplicate originals and are not admissible in evidence without accounting for the non-production of the originals. Givens v. Turner, 225 S. W. 403; 17 Tex. Jur. 488. Further, it appears to be the rule in civil cases that if the instrument is one that may be in the possession of the adverse party notice must be given to produce it to warrant the introduction of secondary evidence. Southern Surety Co. v. Eoff, 22 S. W. (2d) 964. See also James v. State, 49 S. W. 401. In view of the fact that the letter in question was traced to the possession of the appellant and of the further fact that the state is in a position upon another trial to give appellant notice to produce such

letter, we express no opinion as to the correctness of the holding of the civil courts. We call attention, however, to the rule stated in 22 Cor. Jur. 1024, as follows: "Where several copies of a writing are made at the same time by the same mechanical operation, each is regarded as an original and is admissible as such."

This rule appears to be supported by the weight of authority. Without deciding whether it should be given application by this court, we reiterate that the state is in a position to lay a proper predicate for the introduction of the admissible part of said letter.

We are not in accord with appellant's contention that he was entitled to prove by an attorney in Fort Worth that he advised appellant he was not required to file a report with the Comptroller. The law requiring the report is not obscure. Appellant was a distributor of cigarettes. The statute makes it plain that a distributor is required to file the report to which Mr. Kimberlin referred in his letter to appellant. Under the circumstances, appellant could not defend on the ground that he acted under legal advice of an attorney. Lewis v. State, 64 S. W. (2d) 972. The holding in Burns v. State, 61 S. W. (2d) 512, is not applicable. There we were of opinion that the law was not settled, was obscure and confusing and was subject to more than one reasonable construction. Under the circumstances, we held that Burns should have been permitted to introduce testimony showing his honesty of purpose and good faith. We said: "If appellant believed his act to be lawful, and had reasonable ground for his belief, the essential ingredient of willfulness was absent."

The remainder of appellant's bills of exception have been examined and are not deemed to present reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REHEARING.

HAWKINS, JUDGE.—The motion for the State is filed by the District Attorney of Travis County. It is urged in the motion that the agency of Mr. Fritzmeier was shown from the testimony of appellant given in the trial of a civil case. It may be

true that appellant's testimony given in the civil case shows that at the date of such trial Fritzmeier was one of appellant's agents and it may have been a circumstance tending to prove that such relation still existed at the time of the transaction here in question, but as we understand the record the civil case was tried several months prior to the date of the objectionable letter which charged that the relation of agency then existed. It may also be true that circumstantially it is indicated that Fritzmeier sold Reasonover the cigarettes in question, but the charge in the letter was that the seller was then acting as agent in such sale.

We feel impelled to adhere to our original announcement upon the subject.

The State's motion for rehearing is overruled.