

# THE ATTORNEY GENERAL.

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 24, 1953

Hon. Robert L. Dalby
County Attorney
Bowie County
Texarkana, Texas

Dear Mr. Dalby:

Opinion No. S-87

Re: Proper charge for mileage
by sheriff for service of
process where part of such
mileage is covered by mail.

You have requested an opinion in regard to
the following question:

"Is the Sheriff of Bowie County en-
titled to charge mileage from the county
seat to the point where service of process
is made, even though a portion of said
distance may be covered by the use of mail,
or can he charge mileage only for the number
of miles actually and personally travelled
in the service of such process?"

You state that under authority of Article
1605a, Vernon's Civil Statutes, the Sheriff of Bowie
County maintains an office in Texarkana, a distance of
about 25 miles from the county seat, which is located
at Boston, that most of the process issued by the clerk
at Boston is mailed to the sheriff at his Texarkana of-
fice, and when service of such process is completed it
is returned by him to the clerk by mail.

Articles 1029, 1030, and 1065, Vernon's Code
of Criminal Procedure, provide for the fees that the
sheriff shall charge in the execution of criminal pro-
cess. It will be noted that these articles provide
mileage "for each mile actually and necessarily traveled,"
and mileage "for each mile the officer may be compelled
to travel in executing criminal process, . . ." (Emphasis
added throughout.)

The ordinary signification must be applied to
words of general use. Article 10, V.C.S. If statutory
words are unambiguous and clearly and distinctly express

the intent of the legislature, the statute must be given effect according to its terms. <u>Board of Insurance Commissioners v. Guardian Life Ins. Co.</u>, 142 Tex. 630, 180 S.W.2d 906 (1944). The words hereinabove underlined have a clear and definite meaning in general usage, so these statutes must be applied and enforced as they read. <u>Gilmore v. Waples</u>, 108 Tex. 167, 188 S.W. 1037 (1916).

Fee statutes are strictly construed and fees are not permitted by implication. <u>Binford v. Robinson</u>, 112 Tex. 86, 244 S.W. 807 (1922); <u>McCalla v. City of Rockdale</u>, 112 Tex. 209, 246 S.W. 654 (1922).

Article 3933, V.C.S., provides in part:

"Sheriffs and constables shall receive the following fees:

"<u>For traveling in the service</u> of any civil process, . . . shall receive . . . for each mile going and coming, . . . he shall charge for the distance <u>actually and necessarily traveled in the service of same.</u>"

Certainly it could not be said that an officer is <u>traveling in the service of process</u> unless he actually traverses the distance for which mileage is claimed. What has been heretofore said in regard to mileage to be charged in the execution of criminal process applies with equal force to the execution of civil process. <u>Gulf C. & S.F. Ry. v. Dawson</u>, 69 Tex. 519, 7 S.W. 63 (1888).

It is therefore our opinion, which is in accord with your conclusion, that the sheriff would be entitled to charge mileage only for the distance he actually and necessarily travels in the execution of process. See <u>Bigham v. Jones</u>, 116 Tex. 348, 291 S.W. 842 (1927); <u>Burns v. State</u>, 123 Tex.Cr. 614, 61 S.W.2d 512 (1933); <u>Lewis v. State</u>, 124 Tex.Cr. 589, 64 S.W.2d 972 (1933).

## SUMMARY

A sheriff is entitled to charge mileage only for the distance he actually and necessarily travels in the execution of civil and criminal process. Where the papers are transmitted by mail over a portion of the distance between the place of issuance and the place of service, the officer is not entitled to mileage based on the distance covered by mail.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

EB:am

JOHN BEN SHEPPERD
Attorney General

By Eugene Brady
Assistant